## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

| | | |
|---|---|---|
| **HOPE ELLY,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **IMCMV PANAMA CITY LLC,** | ) | _____ |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

## I.  INTRODUCTION

Plaintiff, Hope Elly, files this Title III, ADA action, pursuant to 42 U.S.C. §12181, et. seq. In Count One of the Complaint, Plaintiff seeks to enjoin the Defendant to remove architectural barriers. In Count Two, Plaintiff seeks to enjoin Defendant to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. In Count Three, Plaintiff seeks to enjoin the Defendant's use of the premises to provide full and equal enjoyment of the premises to the disabled. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin Defendant's failure to

design and construct the establishment to be readily accessible to and usable by individuals with disabilities.

## JURISDICTION, PARTIES, AND ARTICLE III STANDING

1. Because this is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA") and its implementing regulations, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, the United States District Court for the Northern District of Florida, pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Northern District of Florida.

3. Plaintiff, Hope Elly, suffers from cerebrovascular accidents, which are more commonly known as strokes. These strokes have effected both her motor and sensory functions, which causes inactivity and/or paralysis of the muscles; therefore, maintaining balance, walking, and the ability to use her hands are extremely difficult. As a result of her disability, she relies

on mobility aids for locomotion. The extent of Ms. Elly's physical problems limits her ability to care for herself, perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12102 (2) (A). Ms. Elly is, accordingly, disabled pursuant to the Americans with Disabilities Act, in that she suffers a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; *See also,* 28 C.F.R. § 36.104.

4. Defendant, IMCMV Panama City, LLC, (hereinafter "Margaritaville"), is a limited liability company that is both registered to conduct business and is conducting business within the State of Florida sufficient to create both general and specific in personam jurisdiction. Upon information and belief, IMCMV Panama City, LLC, "operates" and "leases" the Margaritaville restaurant located at 16230 Front Beach Rd., Panama City Beach, Florida 32413. 42 U.S.C. § 12182. The Margaritaville restaurant is a commercial facility in that the unit is intended for nonresidential use and affects commerce.

42 U.S.C. § 12181(2)((A). Moreover, the Margaritaville environment itself provides a "feel-good lifestyle" that offers something for everyone which includes but is not limited to the perfect blend of ocean breezes from the decks overlooking the gulf, the tiki bars serving up extensive drinks and everyone's favorite frosty beverages, the island-inspired menu offering classic American and Gulf Coast favorites, the swinging after dinner nightclub with live bands and dancing, and the tropical, Caribbean-inspired atmosphere with qan old beach hangout design that transports individuals to an island state of mind regardless of their current latitude or cultural reference point to the public, which qualifies Margaritaville as a place of public accommodation pursuant to 42 U.S.C. § 12181(7).

5. All events giving rise to this lawsuit occurred in the Northern District of Florida and the Defendant is a citizen thereof.

6. Plaintiff Hope Elly, is a resident of Grand Bay, Alabama. She enjoys taking weekend vacations in Panama City Beach, Florida, at least once a year. Usually, Ms. Elly goes more times

than that when her personal financial budget allows. While vacationing in Panama City Beach, Ms. Elly enjoys going out into the neighborhood around Margaritaville to eat, shop, and enjoy the relaxing Gulf Coast atmosphere. Ms. Elly enjoys going to the Margaritaville restaurant, which is subject of this action, and to the neighborhood around it. Specifically, Ms. Elly likes to eat at Margaritaville because she enjoys the "escapism lifestyle" that provides the perfect blend of ocean breezes and view of the gulf from the decks, the island-inspired menu offering classic American and Gulf Coast favorites, and the tropical, Caribbean-inspired atmosphere and old beach hangout design that transports her to an island state of mind. Ms. Elly intends to continue going to the Margaritaville restaurant again because she wants to enjoy Margaritaville's distinctive "escapism lifestyle" that provides the perfect blend of ocean breezes and view of the gulf from the decks, the island-inspired menu offering classic American and Gulf Coast favorites, and the tropical, Caribbean-inspired atmosphere and old beach hangout design that transports her to an island state

of mind. She will return not only to eat and enjoy the island-inspired atmosphere, but to also confirm compliance with the ADA by Margaritaville. Ms. Elly does not know exactly when she will go back to Margaritaville, because she has not planned out every trip or meal for the rest of her life. Such specific planning is not necessary to invoke the ADA.  See, e.g. _Parr v. L & L Drive Inn Restaurant_ 96 F. Supp.2d 1065, 1079 (D. Haw 2000) and _Segal v. Rickey's Restaurant and Lounge, Inc_. No. 11-61766-cn, (S.D. Fla 2012) ("_Specification as to date and time of return to this public accommodation is impossible due to the nature of the event. Fast food patrons visit such restaurants at the spur of the moment_".). Nevertheless, she will return by early next Spring, after Christmas. Ms. Elly definitely intends to return to Margaritaville, even after all ADA Title III violations are remediated.

7. Because of the barriers described below in paragraph 20 and throughout the Complaint, Plaintiff has been denied full and equal enjoyment of the Defendant's premises on the basis of her

disabilities.

**8.** Plaintiff accordingly, has Article III standing to pursue this case because (1) she is disabled, pursuant to the statutory and regulatory definition; (2) the Defendant's restaurant is a place of public accommodation, pursuant to the statutory and regulatory definition; (2) she has suffered a concrete and particularized injury by being denied access to the Margaritaville establishment by architectural barriers, by being denied access by the Defendant's practices described throughout this Complaint, and by Defendant's denial of the use of Margaritaville for her full and equal enjoyment as the able-bodied, as described throughout the Complaint, and (4) because of these injuries, there exists a genuine threat of imminent future injury, as described in paragraph 18.

## II.   PLAINTIFF'S CLAIMS

### ADA, Title III

**9.** On or about July 26, 1990, Congress enacted Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181

et.seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. (42 U.S.C. §12181; 20 C.F.R. §36.508 (A); *See also*, § 36.304).

10. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Defendant's establishment is a place of public accommodation in that it is a restaurant providing a food, drinks, and live entertainment to the public. Accordingly, it is covered by the ADA and must comply with the Act.

## COUNT ONE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
## 42 U.S.C. § 12182(b)(2)(A)(iv)
### *(Architectural Barriers)*

### Defendant's Existing Facility Is Subject to the 2010 ADA Design Standards for the Portions of the Facility Addressed in This Complaint

11. Plaintiff is informed and believes based on publicly available information that the establishment in which the Margaritaville restaurant located at 16230 Front Beach Rd., Panama City Beach, Florida 32413, is located was originally constructed in

2007.

12. Plaintiff is further informed and believes based on publicly available information that the establishment in which the Margaritaville restaurant located at 16230 Front Beach Rd., Panama City Beach, Florida 32413, is located underwent alterations and/or improvements after 2007.

13. The ADA was enacted requiring that facilities constructed prior to January 26, 1992, are considered an "existing" "facility, such that those facilities must remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). All "alterations" made to existing facilities after January 26, 1992, and all "new construction" after January 26, 1993, must be *readily accessible to and usable by individuals with disabilities*, including *individuals who use wheelchairs*. 42 U.S.C. § 12183(a) and (b). 28 *C.F.R.* § 36.402. "Readily accessible to and usable by. . ." is the "new construction" standard, which requires compliance with the Department of Justice standards. 42 U.S.C. § 12183(a)(1); 28

*C.F.R.* § 36.406. The only defense for failing to provide readily accessible and usable buildings constructed under the "new construction" standards is if the design and construction of the building to be readily accessible and usable is "structurally impracticable". 42 U.S.C. § 12183(a)(1). The "structural impracticability" defense applies only in rare circumstances of extraordinary terrain. 28 *C.F.R.* § 36.401(c). "Readily accessible to and usable by. . ." is also the "alterations" standard. 42 U.S.C. § 12183(a)(2). "Alterations" must be made to the maximum extent feasible. 42 U.S.C. § 12183(a)(2); 28 *C.F.R.* § 36.402. An alteration is a change to a place of public accommodation or commercial facility that affects or could affect the usability of the facility or any part thereof. 28 *C.F.R.* § 36.402(b).

14. New construction and alterations must comply with either the Justice Department's 1991 Standards for Accessible Design, or the 2010 Standards for Accessible Design. 28 *C.F.R.* § 36.406 establishes whether the 1991 Standards for Accessible Design

or 2010 Standards for Accessible Design apply: New construction and alterations subject to §§ 36.401 or 36.402 shall comply with the 1991 Standards if the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government is before September 15, 2010, or if no permit is required, if the start of physical construction or alterations occurs before September 15, 2010. 28 *C.F.R.* § 36.406(a)(1). New construction and alterations subject to §§ 36.401 or 36.402 shall comply either with the 1991 Standards or with the 2010 Standards if the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government is on or after September 15, 2010, and before March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after September 15, 2010, and before March 15, 2012. 28 *C.F.R.* § 36.406(a)(2). New construction and alterations subject to §§ 36.401 or 36.402 shall comply with the 2010 Standards if the date when the last application for a building permit or permit

extension is certified to be complete by a State, county, or local government is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012. *Where the facility does not comply with the 1991 Standards, the 2010 Standards are applicable*. See 28 C.F.R. § 36.406(5)(ii) which states, "Newly constructed or altered facilities or elements covered by §§ 36.401 or 36.402 that were constructed or altered before March 15, 2012 and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards."

15. For the architectural barriers at issue in this case, the 2010 Standards for Accessible Design are applicable.

## Plaintiff's Concrete and Particularized Standing to Pursue an Injunction

16. The Defendant has discriminated, and continues to discriminate, against Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages

and/or accommodations at Margaritaville in derogation of 42 U.S.C. § 12101 et. seq., and as prohibited by 42 U.S.C. § 12182 et-seq. As "new construction", the building must be readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183 (a) and (b).  Defendant's failure to remove the existing barriers thus violates 42 U.S.C. § 12182(b)(2)(A)(iv), which requires removal of architectural barriers.

17. As described above, prior to the filing of this lawsuit, Plaintiff was denied full and safe access to all the benefits, accommodations and services offered to individuals without disabilities within and about the Defendant's establishment. Plaintiff's access was inhibited by each of the described architectural barriers detailed in this Complaint which remain at the establishment in violation of the ADA. Because of the foregoing, Plaintiff has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

18. Plaintiff has definite plans to return to Margaritaville in the future, as described in paragraph 6. Margaritaville, and indeed Panama City, are travel destinations, so that Ms. Elly is not deterred in returning to Margaritaville in any way by the (relatively short) drive to Margaritaville. Plaintiff will return to Margaritaville within the next few months not only to shop, eat, drink, and enjoy the gulf views from the deck and island-inspired atmosphere, but also to see if Margaritaville has repaired the barriers, and changed its practices and procedures. Plaintiff will continue to do so in the near future and even when the Margaritaville establishment is repaired, because after all, Margaritaville is an enjoyable place to eat and enjoy the escape to an island state of mind. Also, and of vital importance, the barriers are not just created by construction issues; instead many of them are created by human activity, from the way the management and workers at Margaritaville use Margaritaville's physical facilities. The barriers created by human activity will need to be reviewed forever, to be sure Defendant's management and workers

continuously act in a manner that does not create barriers. Absent remedial action by Defendant, Plaintiff will continue to encounter the architectural barriers, and the discriminatory policies, practices, and procedures described herein and as a result, be discriminated against by Defendant on the basis of her disabilities. The Eleventh Circuit held in *Houston v. Marod Supermarkets*, 733 F.3d 1323 (11th Cir. 2013), when architectural barriers have not been remedied "*there is a 100% likelihood that plaintiff… will suffer the alleged injury again when he returns to the store.*" Due to the definiteness of Plaintiff's future plans to continue visiting the subject facility, her past patronage, and her travel near the Defendant's restaurant, there exists a genuine threat of imminent future injury, *Houston v. Marod, supra*. Plaintiff's intent to return is plausible, as pleaded above. *Houston, supra.*

## Architectural Barriers

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney

General, promulgated Federal Regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

20. Plaintiff has been to and throughout the accessible route leading to the entrance; to and throughout the gift shop; from the hostess counters, to the waiting areas; from the waiting areas to the bar area; from the bar area to the dining areas; from the dining areas to the restrooms, the restrooms themselves, throughout circulation paths and accessible routes, and service areas, paths of travel, and in particular but not limited to all of which is more specifically described below. Moreover, Defendant's facility located at 16230 Front Beach Rd., Panama City Beach, Florida, more commonly known as "Margaritaville", violates the ADA in the dining areas, restrooms, accessible route to and throughout the establishment, the bar areas, and in particular but not limited to:

## ACCESSIBLE ROUTE TO ENTRANCE

A. Margaritaville provides an accessible route to the entrance of the establishment for able-bodied individuals, but fails to provide an ADA accessible route to the entrance of the restaurant for individuals with disabilities which prohibits individuals with disabilities from the full and equal opportunity to access the goods and services at the Margaritaville establishment:

    i. Margaritaville provides an accessible route to the entrance of the establishment for able-bodied individuals but fails to provide an ADA accessible route to the entrance of the establishment for individuals with disabilities which prohibits disabled individuals from being able to have the same feel-good experiences as individuals without disabilities;

    ii. Margaritaville provides a path of travel to the entrance of the restaurant for able-bodied

individuals, but fails to provide an ADA accessible route to the entrance of the establishment for non-able-bodied individuals;

iii. The walking surface on the accessible route leading to the entrance of the restaurant has a ground surface with openings that are going parallel to the dominant direction of travel which fails to be perpendicular to the direction of travel as required by the ADA Standards for Accessible Design;

iv. The floor mats at the entrance door are not stable, firm, or otherwise secured to the floor or ground;

v. Margaritaville fails to maintain the accessible features of the accessible route to the entrance of the restaurant so that it is readily accessible to and usable by individuals with disabilities;

B. Margaritaville provides a route to the entrance of the restaurant for able-bodied individuals but fails to provide an

ADA accessible ramp to the entrance of the facility for non-able-bodied individuals, and therefore fails to afford individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

    i.  There is not at least one accessible ramp leading to the entrance of the restaurant that conforms to the ADA Standards for Accessible Design;

    ii.  The floor mats serving the ramp are not stable, firm, or otherwise secured to the floor or ground;

    iii.  The transition from the landing to the base of the ramp has a change in level other than the slope of the ramp run;

    iv.  The running slope of the ramp run exceeds the maximum allowed slope of 4.76 degrees;

v.  The purported handrails fail to extend 12 inches minimum beyond the top and bottom of the ramp run;

vi.  The purported handrails serving the ramp provide squared cross sections that fail to comply with the ADA standards for accessible design;

vii.  The gripping surface on the handrail including the surface adjacent to the handrail fails to be free of sharp or abrasive elements with round edges;

viii.  The purported handrails serving the ramp fail to provide a gripping surface that remains free and clear of any obstructions for a minimum of 1.5 inches below the bottom gripping surface of the handrail;

ix.  The purported handrails serving the ramp fail to provide a minimum of 1.5-inch clearance between the gripping surface and the adjacent surfaces;

x.  The ramp run landing at the top of the ramp fails to provide a 60x60 inches minimum level landing;

xi. The walking surface on the accessible route leading to the entrance of the restaurant has a ground surface with openings that are going parallel to the dominant direction of travel which fails to be perpendicular to the direction of travel as required by the ADA standards for accessible design;

xii. Margaritaville fails to maintain the ramp to the entrance of the restaurant so that it is readily accessible to and usable by individuals with disabilities;

C. Margaritaville provides stairs serving the entrance of the establishment for able-bodied individuals but fails to provide ADA accessible stairs to the entrance of the establishment for non-able-bodied individuals which includes but is not limited to the following failures of Defendant:

i. The handrails serving the stairs fail to extend 12 inches minimum beyond the top of the stairs;

ii. The stair nosings fail to project beyond risers shall have the underside of the leading edge curved or beveled;

iii. Margaritaville fails to maintain its stairs to the entrance of the restaurant so that they are readily accessible to and usable by individuals with disabilities;

## OUTDOOR WAITING AREA

D. Margaritaville provides an outdoor waiting area for able-bodied individuals, but fails to provide an ADA accessible outdoor waiting area for individuals with disabilities which prohibits individuals with disabilities from the full and equal opportunity to access the goods and services at the Margaritaville restaurant;

E. Margaritaville provides an outdoor waiting area for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or

accommodation that is equal to the experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

    **i.** The walking surface in the outdoor waiting area has a ground surface with openings that are going parallel to the dominant direction of travel which fails to be perpendicular to the direction of travel as required by the ADA Standards for Accessible Design;

    **ii.** The floor mats at the entrance door from the outside waiting area are not stable, firm or otherwise secured to the floor or ground;

    **iii.** Margaritaville fails to maintain the accessible features in the outdoor waiting area that are required to be readily accessible to and usable by individuals with disabilities;

**F.** Margaritaville provides chair seating in the outdoor waiting area for able-bodied individuals to sit and relax while waiting, but fails to afford non-able-bodied individuals the same

opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

    i. Margaritaville fails to provide at least one accessible chair seat that conforms to the ADA Standards for Accessible Design;

    ii. There is not at least one accessible chair seat that is 20 inches deep minimum and 24 inches dep maximum;

    iii. There is not at least one accessible chair that is 17 inches minimum and 19 inches maximum above the finished floor;

    iv. There is not at least one accessible chair that is measured 42 inches long;

    v. Margaritaville fails to maintain the accessible features of the chair seating in the outdoor waiting

area that are required to be readily accessible to and usable by individuals with disabilities;

G.  Margaritaville provides bench seating in the outdoor waiting area for able-bodied individuals to sit and relax while waiting, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

(1) The bench seating to the right of the stairs at the entrance to the restaurant fails to conform to the ADA Standards for Accessible Design;

i. The bench seating fails to provide the required clear floor or ground space at the end of the bench for a wheelchair user to transfer onto the bench;

ii. There is not at least one ADA accessible bench in the outdoor waiting area that has

a bench seat that is 20 inches deep minimum and 24 inches deep maximum;

(2) The bench seating by the outdoor entrance to the gift shop fails to conform to the ADA Standards for Accessible Design;

    i. The bench seating fails to provide the required clear floor or ground space at the end of the bench for a wheelchair user to transfer onto the bench;

    ii. There is not at least one ADA accessible bench in the outdoor waiting area that has a bench seat that is 20 inches deep minimum and 24 inches deep maximum;

H. Margaritaville fails to provide at least one accessible bench that conforms to the ADA Standards for Accessible Design;

I. Margaritaville fails to maintain the accessible features of the bench seating in the outdoor waiting area that are required to be readily accessible to and usable by individuals with disabilities;

**J.**   Margaritaville provides seating tables in the outdoor waiting area for able-bodied individuals to sit and relax while waiting, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

   i.   The top surface of the outdoor waiting area seating tables exceeds the maximum allowed height of 34 inches above the finished floor;

   ii.   The outdoor waiting area seating tables fail to provide the required knee clearance for an individual with a disability to be afforded the opportunity to sit at the outdoor waiting area seating tables;

   iii.   The outdoor waiting area seating tables fail to provide the required toe clearance for an individual with a disability to be afforded the

opportunity to sit at the outdoor waiting area seating tables;

iv. Margaritaville's outdoor waiting area seating tables fail to provide at least five percent (5%) ADA accessible seating;

v. There is not a 30-inch-wide minimum clear table surface available for an individual with a disability to be afforded the opportunity to approach the table surface;

vi. Margaritaville fails to maintain the accessible features of the outdoor waiting area seating tables that are required to be readily accessible to and usable by individuals with disabilities;

K. Margaritaville provides a hostess counter in the outdoor waiting area for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which

includes but is not limited to the following failures of Defendant:

A.  The hostess counter fails to provide a minimum of 36 inches of clear counter surface for individuals with disabilities to be able to make a parallel approach to the counter;

 i.  There is not 36 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor;

 ii.  There is not clear floor space that is at least 48 inches long x 30 inches wide provided adjacent to the 36-inch minimum length of the counter;

B.  The existing hostess counter fails to provide a minimum of 30 inches of clear counter surface for individuals with disabilities to be able to make a forward approach to the counter;

 i.  There is not 30 inches of clear counter surface that is measured a maximum of 36

inches above the finished floor positioned for a forward approach;

ii. There is no knee and toe clearance provided under the 30 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor positioned for a forward approach;

iii. There is no clear floor space that is at least 30-inches wide x 48-inches long provided underneath the 30 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor positioned for a forward approach;

C. There is no ADA accessible portion of the hostess counter that extends the same depth as the non-accessible portion of the hostess counter;

D. Margaritaville fails to maintain the accessible features of the outdoor hostess counter that are

required to be readily accessible to and usable by individuals with disabilities;

L.  Margaritaville provides a call ahead seating counter in the outdoor waiting area for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

  A.  The call ahead seating counter fails to provide a minimum of 36 inches of clear counter surface for individuals with disabilities to be able to make a parallel approach to the counter;

    i.  There is not 36 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor;

    ii.  There is not clear floor space that is at least 48 inches long x 30 inches wide

provided adjacent to the 36-inch minimum length of the counter;

B. The existing call ahead seating counter fails to provide a minimum of 30 inches of clear counter surface for individuals with disabilities to be able to make a forward approach to the counter;

    i. There is not 30 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor positioned for a forward approach;

    ii. There is no knee and toe clearance provided under the 30 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor positioned for a forward approach;

    iii. There is no clear floor space that is at least 30-inches wide x 48-inches long provided underneath the 30 inches of clear counter surface that is measured a maximum of 36

inches above the finished floor positioned for a forward approach;

C. There is no ADA accessible portion of the call ahead seating counter that extends the same depth as the non-accessible portion of the hostess counter;

D. Margaritaville fails to maintain the accessible features of the outdoor call ahead seating counter that are required to be readily accessible to and usable by individuals with disabilities;

## INDOOR WAITING AREA

M. Margaritaville provides an indoor waiting area for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

    i.  The walking surface in the indoor waiting area has a ground surface with openings that are going parallel to the dominant direction of travel which fails to be perpendicular to the direction of travel as required by the ADA Standards for Accessible Design;

    ii.  There is no unobstructed clear floor space serving the ATM machine in the indoor waiting area;

    iii.  Margaritaville fails to maintain the accessible features in the indoor waiting area that are required to be readily accessible to and usable by individuals with disabilities;

**N.**  Margaritaville provides a hostess counter in the indoor waiting area for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which

includes but is not limited to the following failures of Defendant:

A.  The hostess counter fails to provide a minimum of 36 inches of clear counter surface for individuals with disabilities to be able to make a parallel approach to the counter;

    i.  There is not 36 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor;

    ii.  There is not clear floor space that is at least 48 inches long x 30 inches wide provided adjacent to the 36-inch minimum length of the counter;

B.  The existing hostess counter fails to provide a minimum of 30 inches of clear counter surface for individuals with disabilities to be able to make a forward approach to the counter;

    i.  There is not 30 inches of clear counter surface that is measured a maximum of 36

inches above the finished floor positioned for a forward approach;

ii.   There is no knee and toe clearance provided under the 30 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor positioned for a forward approach;

iii.   There is no clear floor space that is at least 30-inches wide x 48-inches long provided underneath the 30 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor positioned for a forward approach;

C.   There is no ADA accessible portion of the hostess counter that extends the same depth as the non-accessible portion of the hostess counter;

D.   Margaritaville fails to maintain the accessible features of the indoor hostess counter that are

required to be readily accessible to and usable by individuals with disabilities;

O.  Margaritaville provides chair seating in the indoor waiting area for able-bodied individuals to sit and relax while waiting, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i.  Margaritaville fails to provide at least one accessible chair seat that conforms to the ADA Standards for Accessible Design;

ii.  There is not at least one accessible chair seat that is 20 inches deep minimum and 24 inches dep maximum;

iii.  There is not at least one accessible chair that is 17 inches minimum and 19 inches maximum above the finished floor;

iv. There is not at least one accessible chair that is measured 42 inches long;

v. Margaritaville fails to maintain the accessible features of the chair seating in the outdoor waiting area that are required to be readily accessible to and usable by individuals with disabilities;

P. Margaritaville provides bench seating in the indoor waiting area for able-bodied individuals to sit and relax while waiting, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from, a good, service, facility, privilege, advantage, or accommodation that is equal to the experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i. The bench seating fails to provide the required clear floor or ground space at the end of the bench for a wheelchair user to transfer onto the bench;

ii. There is not at least one ADA accessible bench in the indoor waiting area that has a bench seat that

is 20 inches deep minimum and 24 inches deep
maximum;

iii. Margaritaville fails to provide at least one
accessible seating bench that conforms to the ADA
Standards for Accessible Design;

## INDOOR "BOAT DRINKS" BAR AREA

Q. Margaritaville provides several types of seating for able-
bodied individuals in the indoor Boat Drinks Bar area, but
fails to provide that same level of service to individuals
without disabilities, which segregates and relegates
individuals with disabilities to an inferior benefit of the indoor
Boat Drinks Bar area;

R. Margaritaville provides a bar for able-bodied individuals, but
fails to afford non-able-bodied individuals the same
opportunity to participate in or benefit from a good, service,
facility, privilege, advantage, or accommodation that is equal
to that experience afforded to other individuals without

disabilities, which includes but is not limited to the following failures of Defendant:

   i.  The top surface of the bar exceeds the maximum allowed height of 34 inches above the finished floor;

  ii.  The bar fails to provide at least five percent (5%) ADA accessible seating;

 iii.  The bar counter fails to provide the required knee clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

 iv.  The bar counter fails to provide the required toe clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

  v.  There is not a 30-inch-wide minimum clear counter surface available for an individual with a disability to be afforded the opportunity to approach the counter surface;

vi. Margaritaville fails to maintain the accessible features at bar counter that are required to be readily accessible to and usable by individuals with disabilities;

S. Margaritaville provides high top tables, dining tables and booth tables for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i. The top surface of the seating tables exceeds the maximum allowed height of 34 inches above the finished floor;

ii. The seating tables fails to provide at least five percent (5%) ADA accessible seating;

iii. The seating tables fail to provide the required knee clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

iv. The seating tables fail to provide the required toe clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

v. There is not a 30-inch-wide minimum clear table surface available for an individual with a disability to be afforded the opportunity to approach the table surface;

vi. Margaritaville fails to maintain the accessible features at the seating tables in the indoor bar area that are required to be readily accessible to and usable by individuals with disabilities;

## LOWER LEVEL INDOOR DINING AREA

T. Margaritaville provides several types of seating for able-bodied individuals in the lower level indoor dining area, but fails to provide that same level of service to individuals

without disabilities, which segregates and relegates individuals with disabilities to an inferior benefit of the main level indoor dining area;

U.  Margaritaville provides standard dining tables, boat seating tables, and an elevated seating table on the stage for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

   i.  The top surface of the seating tables exceeds the maximum allowed height of 34 inches above the finished floor;

   ii.  The seating tables fails to provide at least five percent (5%) ADA accessible seating;

iii. The seating tables fail to provide the required knee clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

iv. The seating tables fail to provide the required toe clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

v. There is not a 30-inch-wide minimum clear table surface available for an individual with a disability to be afforded the opportunity to approach the table surface;

vi. There is no ADA accessible route to the lower level dining area which prohibits disabled individuals from being afforded the opportunity to dine in the lower level dining area;

vii. Margaritaville provides stairs to the lower level dining area, but fails to provide an ADA accessible ramp to the lower level dining area, and consequently denies disabled individuals the

opportunity to equally use and access the lower
level dining area;

viii. There is not at least one ADA accessible ramp
leading to the lower level dining area that
conforms to the ADA Standards for Accessible
Design;

ix. Margaritaville maintains its boat seating table
arrangements in a way that is not ADA accessible
whatsoever and consequently segregates and
relegates disabled individuals to an inferior
benefit which has a discriminatory effect in
practice of prohibiting disabled individuals from
the full and equal opportunity to use the boat
seating;

x. Margaritaville maintains its boat seating table
arrangements in a way that is not ADA accessible
whatsoever and consequently denies disabled
individuals that same island state of mind

experience that able-bodied individuals have when dining in the boat seating areas;

xi. Margaritaville fails to maintain the accessible features at seating tables that are required to be readily accessible to and usable by individuals with disabilities;

V. Margaritaville provides an elevated seating area on the stage for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i. There is no ADA accessible route to the elevated seating area which prohibits disabled individuals from being afforded the opportunity to dine in the elevated table area on the stage;

ii.  Margaritaville provides stairs to the elevated seating area, but fails to provide an ADA accessible ramp to the elevated seating area, and consequently denies disabled individuals the opportunity to equally use and access the elevated seating area;

iii.  There is not at least one ADA accessible ramp leading to the elevated seating area that conforms to the ADA Standards for Accessible Design;

iv.  There is not at least 5% ADA accessible seating in the elevated area that provides a table 28-34 inches above the finished floor;

v.  The seating table fail to provide at least five percent (5%) ADA accessible seating;

vi.  There is not at least one ADA accessible seating table in the elevated area that provides the required knee clearance for an individual with a

disability to be afforded the opportunity to sit at the elevated seating table;

vii. There is not at least one ADA accessible seating table in the elevated area that provides the required toe clearance for an individual with a disability to be afforded the opportunity to sit at the elevated seating table;

viii. There is not at least one ADA accessible seating table in the elevated area that provides a 30-inch-wide minimum clear table surface available for an individual with a disability to be afforded the opportunity to approach the table surface;

ix. Margaritaville maintains its elevated seating area in a way that is not ADA accessible whatsoever and consequently segregates and relegates disabled individuals to an inferior benefit which has a discriminatory effect in practice of

prohibiting disabled individuals from the full and equal opportunity to use the elevated seating;

x.   Margaritaville maintains its elevated seating area in a way that is not ADA accessible whatsoever and consequently denies disabled individuals that same island state of mind experience that able-bodied individuals have when dining in the elevated seating area;

xi.   Margaritaville fails to maintain the accessible features at the elevated seating area that are required to be readily accessible to and usable by individuals with disabilities;

## LOWER LEVEL OUTDOOR DINING AREA

W.   Margaritaville provides an accessible route from the inside of the restaurant to the lower level outdoor dining area for able-bodied individuals, but fails to provide an ADA accessible route from the inside of the restaurant to the lower level outdoor dining area for individuals with disabilities and

therefore fails to afford individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i. Margaritaville provides an accessible route from the inside of the restaurant to the lower level outdoor dining area for able-bodied individuals but fails to provide an ADA accessible route to the lower level outdoor dining area for individuals with disabilities which prohibits disabled individuals from being able to have the same dining experiences as individuals without disabilities;

ii. The walking surface on the accessible route from the inside of the restaurant leading to the lower level outdoor dining area has a ground surface with openings that are going parallel to the

dominant direction of travel which fails to be perpendicular to the direction of travel as required by the ADA Standards for Accessible Design;

iii.  The floor mat at the door to the lower level outdoor dining area is not stable, firm, or otherwise secured to the floor or ground;

iv.  Margaritaville fails to maintain the accessible features of the accessible route from the inside of the restaurant to the lower level outdoor dining area so that it is readily accessible to and usable by individuals with disabilities;

X.  Margaritaville provides an accessible route to the lower level outdoor dining area from outside the restaurant for able-bodied individuals, but fails to provide an ADA accessible route to the lower level outdoor dining area from outside the restaurant for individuals with disabilities which prohibits individuals with disabilities from the full and equal opportunity to access the goods and services at the Margaritaville restaurant:

i. Margaritaville provides an accessible route to the lower level outdoor dining area from outside the restaurant for able-bodied individuals but fails to provide and ADA accessible route to the entrance of the restaurant for individuals with disabilities which prohibits disabled individuals from being able to have the same dining experiences as individuals without disabilities;

ii. Margaritaville provides a path of travel to the lower level outdoor dining area from outside the restaurant for able-bodied individuals, but fails to provide an ADA accessible route to the lower level outdoor dining area from outside the restaurant for non-able-bodied individuals;

iii. The walking surface on the accessible route leading to the lower level outdoor dining area from outside the restaurant has a ground surface with openings that are going parallel to the dominant direction of travel which fails to be perpendicular

to the direction of travel as required by the ADA Standards for Accessible Design;

iv. Margaritaville fails to maintain the accessible features of the accessible route to the lower level outdoor dining area from outside the restaurant so that it is readily accessible to and usable by individuals with disabilities;

Y. Margaritaville provides a route to the lower level outdoor dining area from outside the restaurant for able-bodied individuals, but fails to provide an ADA accessible ramp to the lower level outdoor dining area from outside the restaurant and therefore fails to afford individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i. There is not at least one accessible ramp leading to the lower level outdoor dining area from outside

the restaurant that conforms to the ADA Standards for Accessible Design;

ii. The floor mats at the ramp are not stable, firm, or otherwise secured to the floor or ground;

iii. The transition from the landing to the base of the ramp has a change in level other than the slope of the ramp run;

iv. The running slope of the ramp run exceeds the maximum allowed slope of 4.76 degrees;

v. The purported handrails fail to extend 12 inches minimum beyond the top and bottom of the ramp run;

vi. The purported handrails serving the ramp provide squared cross sections that fail to comply with the ADA standards for accessible design;

vii. The gripping surface on the handrail including the surface adjacent to the handrail fails to be free of sharp or abrasive elements with round edges;

viii. The purported handrails serving the ramp fail to provide a gripping surface that remains free and clear of any obstructions for a minimum of 1.5 inches below the bottom gripping surface of the handrail;

ix. The purported handrails serving the ramp fail to provide a minimum of 1.5-inch clearance between the gripping surface and the adjacent surfaces;

x. The ramp run landing at the top of the ramp fails to provide a 60x60 inches minimum level landing;

xi. The walking surface on the accessible route leading to the lower level dining area from outside the restaurant has a ground surface with openings that are going parallel to the dominant direction of travel which fails to be perpendicular to the direction of travel as required by the ADA standards for accessible design;

xii. Margaritaville fails to maintain the ramp to the lower level dining area from outside the

restaurant so that it is readily accessible to and usable by individuals with disabilities;

Z.  Margaritaville provides an accessible route to the lower level outdoor patio bar from the outside of the restaurant for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i.  There is not at least one accessible ramp leading to the lower level outdoor patio bar from outside the restaurant that conforms to the ADA Standards for Accessible Design;

ii.  Margaritaville provides stairs to the lower level outdoor patio bar, but fails to provide an ADA accessible ramp leading to the lower level outdoor patio bar, and consequently segregates and relegates disabled individuals to an inferior

benefit of the lower level outdoor patio bar which has a discriminatory effect in practice of prohibiting individuals with disabilities from the full and equal opportunity to use and access the lower level outdoor bar and dining area;

iii. Margaritaville fails to maintain the accessible route to the lower level outdoor patio bar from outside the restaurant so that it is readily accessible to and usable by individuals with disabilities;

AA. Margaritaville provides several types of seating for able-bodied individuals in the lower level outdoor dining area, but fails to provide that same level of service to individuals without disabilities, which segregates and relegates individuals with disabilities to an inferior benefit of lower level outdoor dining area;

BB. Margaritaville provides standard dining tables and dining tables with umbrellas for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to

participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

    i.  The top surface of the seating tables exceeds the maximum allowed height of 34 inches above the finished floor;

    ii.  The seating tables fails to provide at least five percent (5%) ADA accessible seating;

    iii.  The seating tables fail to provide the required knee clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

    iv.  The seating tables fail to provide the required toe clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

    v.  There is not a 30-inch-wide minimum clear table surface available for an individual with a

disability to be afforded the opportunity to approach the table surface;

vi. Margaritaville fails to maintain the accessible features at the seating tables in the lower level outdoor dining area that are required to be readily accessible to and usable by individuals with disabilities;

CC. Margaritaville provides a lower level outdoor patio bar for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i. The top surface of the bar exceeds the maximum allowed height of 34 inches above the finished floor;

ii. The bar fails to provide at least five percent (5%) ADA accessible seating;

iii. The bar counter fails to provide the required knee clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

iv. The bar counter fails to provide the required toe clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

v. There is not a 30-inch-wide minimum clear counter surface available for an individual with a disability to be afforded the opportunity to approach the counter surface;

vi. Margaritaville fails to maintain the accessible features at the lower level outdoor patio bar that are required to be readily accessible to and usable by individuals with disabilities;

**LOWER LEVEL WOMEN'S RESTROOM**

DD. Margaritaville provides an accessible route to the lower level women's restroom for able-bodied individuals, but fails to provide an ADA accessible route to the lower level women's restroom for individuals with disabilities which prohibits

individuals with disabilities from the full and equal opportunity to access the goods and services at the Margaritaville restaurant:

    i.  Margaritaville provides an accessible route to the lower level women's restroom for able-bodied individuals but fails to provide an ADA accessible route to the lower level women's restroom for individuals with disabilities which prohibits disabled individuals from having the same experiences as individuals without disabilities while at the Margaritaville restaurant;

    ii.  Margaritaville provides a path of travel to the lower level women's restroom for able-bodied individuals, but fails to provide an ADA accessible route to the lower level women's restroom for non-able-bodied individuals;

    iii.  There is not at least one accessible ramp leading to the lower level women's restroom that conforms to the ADA Standards for Accessible Design;

iv. Margaritaville provides stairs to the lower level women's restroom, but fails to provide an ADA accessible ramp leading to the lower level women's restroom, and consequently segregates and relegates disabled individuals to an inferior benefit, which has a discriminatory effect in practice of prohibiting individuals with disabilities from the full and equal opportunity to use and access the lower level women's restroom;

v. Margaritaville fails to maintain the accessible features of the accessible route to the lower level women's restroom so that it is readily accessible to and usable by individuals with disabilities;

EE. Margaritaville provides a wheelchair accessible toilet compartment for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to individuals without disabilities, which

includes but is not limited to the following failures of Defendant:

i. There is not at least one wheelchair accessible toilet compartment that conforms to the ADA Standards for Accessible Design;

ii. The toilet compartment door fails to have door pulls located on both sides;

iii. The toilet compartment door is not self-closing;

iv. The toilet compartment door overlaps into the required maneuvering clearance at the fixtures within the toilet compartment;

v. Margaritaville locates the trash can in the toilet compartment within the required clear floor space at the water closet and consequently obstructs the required clear floor space at the water closet which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to use the water closet;

vi. The coat hook measures 68 inches above the finished floor which exceeds the maximum allowed height of 48 inches above the finished floor and prohibits individuals with disabilities from being afforded the opportunity to use the coat hook;

vii. The toilet paper dispenser fails to measure a minimum of 12 inches above the top gripping surface of the side wall grab bar;

viii. The highest operable part on the toilet seat cover dispenser measures 51 inches above the finished floor which exceeds the maximum allowed height of 48 inches above the finished floor and prohibits individuals with disabilities from being afforded the opportunity to use the toilet seat cover dispenser;

ix. There is not at least one ADA wheelchair accessible toilet compartment that provides a side

wall grab bar measuring 33-36 inches above the finished floor;

x. There is not at least one ADA wheelchair accessible toilet compartment that provides a water closet measuring 17-19 inches above the finished floor;

xi. The only purported accessible lavatory is located within the purported accessible toilet compartment, which fails to conform to the ADA Standards for Accessible Design;

xii. Margaritaville fails to maintain the accessible features within the toilet compartment that are required to be readily accessible to and usable by individuals with disabilities;

FF. Margaritaville provides a main lavatory for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that

is equal to that experience afforded to individuals without disabilities, which includes but is not limited to the following failures of Defendant:

    i.  There is not at least one ADA accessible lavatory that conforms to the ADA Standards for Accessible Design;

    ii.  There is not at least one ADA accessible lavatory that measures a maximum of 34 inches above the finished floor to the top surface of the counter;

    iii.  The lavatory sinks drain pipes fail to be properly insulated or otherwise protected against contact;

    iv.  The bottom reflecting surface of the mirror exceeds 40 inches above the finished floor;

    v.  The soap dispenser exceeds 48 inches above the finished floor;

    vi.  The highest operable part on the baby changing table measures 53 inches which exceeds the maximum allowed height of 48 inches above the finished floor;

vii.   Margaritaville locates a trash can within the required clear floor space at the lavatory and consequently obstructs the required clear floor space which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to use the lavatory;

viii.  Margaritaville fails to maintain the accessible features at the lavatory that are required to be readily accessible to and usable by individuals with disabilities;

## UPPER LEVEL INDOOR DINING AREA

GG.  Margaritaville provides an accessible route throughout the upper level indoor dining area for able-bodied individuals, but fails to provide an ADA accessible route throughout the upper level indoor dining area for individuals with disabilities which prohibits individuals with disabilities from the full and equal opportunity to access the goods and services at the Margaritaville restaurant:

i.  Margaritaville provides an accessible route throughout the upper level indoor dining area for able-bodied individuals but fails to provide an ADA accessible route throughout the upper level indoor dining area for individuals with disabilities which prohibits disabled individuals from having the same dining experiences as individuals without disabilities;

ii.  Margaritaville locates palm trees throughout the purported accessible route in the upper level indoor dining area and consequently obstructs the required clear floor space on the accessible route which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to use and maneuver throughout the upper level indoor dining area;

iii.  Margaritaville fails to maintain the accessible features of the accessible route throughout the upper level indoor dining area so that it is readily

accessible to and usable by individuals with disabilities;

HH. Margaritaville provides several types of seating for able-bodied individuals in the lower level indoor dining area, but fails to provide that same level of service to individuals without disabilities, which segregates and relegates individuals with disabilities to an inferior benefit of the upper level indoor dining area;

II. Margaritaville provides standard dining tables and hybrid booth tables for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i. The top surface of the seating tables exceeds the maximum allowed height of 34 inches above the finished floor;

ii. The seating tables fails to provide at least five percent (5%) ADA accessible seating;

iii. The seating tables fail to provide the required knee clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

iv. The seating tables fail to provide the required toe clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

v. There is not a 30-inch-wide minimum clear table surface available for an individual with a disability to be afforded the opportunity to approach the table surface;

vi. Margaritaville fails to maintain the accessible features at the seating tables that are required to

be readily accessible to and usable by individuals with disabilities;

## UPPER LEVEL OUTDOOR DINING AREA

**JJ.** Margaritaville provides an accessible route throughout the upper level outdoor dining area for able-bodied individuals, but fails to provide an ADA accessible route throughout the upper level outdoor dining area for individuals with disabilities which prohibits individuals with disabilities from the full and equal opportunity to access the goods and services at the Margaritaville restaurant:

    **i.** Margaritaville provides an accessible route throughout the upper level outdoor dining area for able-bodied individuals but fails to provide an ADA accessible route throughout the upper level outdoor dining area for individuals with disabilities which prohibits disabled individuals from having the same dining experiences as individuals without disabilities;

ii. Margaritaville fails to provide the required clear floor space for a mobility impaired individual to maneuver throughout the upper level outdoor dining area and make the turn in the passing space to access all the elements throughout the upper level outdoor dining area;

iii. Margaritaville fails to maintain the accessible features of the accessible route throughout the upper level outdoor dining area so that it is readily accessible to and usable by individuals with disabilities;

KK. Margaritaville provides standard dining tables for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i.   The top surface of the seating tables exceeds the maximum allowed height of 34 inches above the finished floor;

ii.   The seating tables fails to provide at least five percent (5%) ADA accessible seating;

iii.   The seating tables fail to provide the required knee clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

iv.   The seating tables fail to provide the required toe clearance for an individual with a disability to be afforded the opportunity to sit at the bar;

v.   There is not a 30-inch-wide minimum clear table surface available for an individual with a disability to be afforded the opportunity to approach the table surface;

vi.   Margaritaville fails to maintain the accessible features at the seating tables that are required to be readily accessible to and usable by individuals with disabilities;

## UPPER LEVEL WOMEN'S TOILET ROOM

LL. Margaritaville provides a toilet room for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that shopping experience afforded to other individuals without disabilities, including but not limited to the following failures of Defendant:

      i. Margaritaville fails to provide at least one ADA wheelchair accessible toilet room that conforms to the ADA Standards for Accessible Design;

      ii. The toilet room door overlaps into the required clear floor space at the fixtures within the toilet room;

      iii. Margaritaville locates the trash can in the toilet room within the required clear floor space at the toilet room door and consequently obstructs the required clear floor space which has a

discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to use the toilet room;

iv. There is not at least one ADA wheelchair accessible toilet compartment that provides a side wall grab bar measured 42 inches long located 12 inches maximum from the rear wall and extending 54 inches measured from the rear wall;

v. There is not at least one ADA wheelchair accessible toilet room that provides a side wall grab bar measuring 33-36 inches above the finished floor;

vi. There is not at least one ADA wheelchair accessible toilet room that provides a rear wall grab bar measuring 33-36 inches above the finished floor;

vii. The toilet paper dispenser fails to measure a minimum of 12 inches above the top gripping surface of the side wall grab bar;

viii.   The highest operable part on the toilet seat cover dispenser measures 51 inches above the finished floor which exceeds the maximum allowed height of 48 inches above the finished floor and prohibits individuals with disabilities from being afforded the opportunity to use the toilet seat cover dispenser;

ix.   The lavatory sink is located within the required 60 inches x 56 inches of clear floor or ground space around the water closet, which prohibits disabled individuals from being able to transfer onto the water closet;

x.   The soap dispenser exceeds the maximum allowed unobstructed reach range of 48 inches above the finished floor;

xi.   The paper towel dispenser measures 57 inches above the finished floor which exceeds the maximum allowed unobstructed reach range of 48 inches above the finished floor and prohibits

individuals with disabilities from being afforded the opportunity to use the paper towel dispenser;

xii. The bottom reflecting surface of the mirror exceeds the maximum allowed height of 40 inches above the finished floor;

xiii. The lavatory sinks drain pipes fail to be properly insulated or otherwise protected against contact;

xiv. Margaritaville locates a trash can at the toilet room door and consequently obstructs the required clear floor space at the toilet room door which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to use the toilet room;

xv. Margaritaville fails to maintain the accessible features within the toilet room that are required to be readily accessible to and usable by individuals with disabilities;

GIFT SHOP

**MM.** Margaritaville provides a gift shop for able bodied individuals but fails to provide that same experience by providing an ADA accessible gift shop to non-able-bodied individuals, including but not limited to the following failures of Defendant:

**NN.** Margaritaville provides an accessible route from the outside of the restaurant to the gift shop for able-bodied individuals, but fails to provide an ADA accessible route from the outside of the restaurant to the gift shop for individuals with disabilities and therefore fails to afford individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

      **i.** Margaritaville provides an accessible route to the entrance of the gift shop from outside the restaurant for able-bodied individuals but fails to

provide an ADA accessible route to the entrance of the gift shop from outside the restaurant for individuals with disabilities which prohibits disabled individuals from being able to have the same dining experiences as individuals without disabilities;

ii. The floor mats at the gift shop entrance door are not stable, firm, or otherwise secured to the floor or ground;

iii. Margaritaville fails to maintain the accessible features of the accessible route to the entrance of the gift shop from the outside of the restaurant so that it is readily accessible to and usable by individuals with disabilities;

OO. Margaritaville provides an accessible route from the inside of the restaurant to the gift shop for able-bodied individuals, but fails to provide an ADA accessible route from the inside of the restaurant to the gift shop for individuals with disabilities and therefore fails to afford individuals with disabilities the

opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

    i. Margaritaville provides an accessible route to the entrance of the gift shop from inside the restaurant for able-bodied individuals but fails to provide an ADA accessible route to the entrance of the gift shop from inside the restaurant for individuals with disabilities which prohibits disabled individuals from being able to have the same experiences as individuals without disabilities;

    ii. The walking surface on the accessible route from inside the restaurant leading to the gift shop has a ground surface with openings that are going parallel to the dominant direction of travel which fails to be perpendicular to the direction of travel

as required by the ADA Standards for Accessible Design;

iii. Margaritaville provides stairs to access the gift shop but fails to provide an ADA accessible ramp to the gift shop for individuals with disabilities which prohibits disabled individuals from being afforded the opportunity to access and use the gift shop;

iv. Margaritaville fails to provide at least one ADA accessible route from inside the restaurant to the gift shop and consequently segregates and relegates disabled individuals to an inferior benefit which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to use and access the gift shop;

v. Margaritaville fails to provide at least one ADA accessible ramp from inside the restaurant leading to the gift shop and consequently segregates and

relegates disabled individuals to an inferior benefit which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to use and access the gift shop;

vi. Margaritaville fails to maintain the accessible features of the accessible route to the entrance of the gift shop from the inside of the restaurant so that it is readily accessible to and usable by individuals with disabilities;

PP. Margaritaville provides stairs to the entrance of the gift shop for able-bodied individuals but fails to provide ADA accessible stairs to the entrance of the facility for non-able-bodied individuals, and therefore affords individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals without disabilities, which includes but is not limited to the following failures of Defendant:

i. The handrails serving the stairs fail to extend 12 inches minimum beyond the top and bottom of the stairs;

ii. The handrails serving the stairs provide squared cross sections that fail to comply with the ADA standards for accessible design;

iii. The gripping surface on the handrail including the surface adjacent to the handrail fails to be free of sharp or abrasive elements with round edges;

iv. Margaritaville fails to maintain the stairs from inside the restaurant to the gift shop so that they are readily accessible to and usable by individuals with disabilities;

QQ. Margaritaville provides an accessible route to and throughout the shopping retail aisles in the gift shop for able-bodied individuals, but fails to provide an ADA accessible route to and throughout the shopping retail aisles in the gift shop for individuals with disabilities which prohibits individuals with disabilities from the full and equal opportunity to access the

goods and services at the Margaritaville gift shop, including but not limited to the following failures of Defendant:

i. Throughout the accessible route there is merchandise that is for sale to the public that obstructs the required 36 inches of clear floor space on the accessible route which prohibits individuals with disabilities to have the same shopping experience as individuals without disabilities;

ii. Margaritaville gift shop locates its merchandise display tables, shelves, and barrels within the required clear floor or ground space of the accessible route and consequently obstructs the required clear floor space on the accessible route, which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to maneuver throughout the gift shop;

iii. Margaritaville gift shop fails to have or otherwise fails to enforce its policies, practices or procedures on maintaining in operable working condition the features of the purported accessible route to and throughout the gift shop so that the goods and services are readily accessible to and usable by individuals with disabilities;

iv. Margaritaville gift shop has ineffective policies, practices or procedures that ensures the accessible route is readily accessible to and usable by individuals with disabilities so that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals without disabilities;

RR. Margaritaville provides merchandise display tables throughout the gift shop for able-bodied individuals, but fails to provide ADA accessible merchandise display tables throughout the gift shop for individuals with disabilities which prohibits individuals with disabilities from the full and

equal opportunity to access the goods and services at the Margaritaville gift shop:

    i.  The merchandise display tables fail to provide the required 30 inches x 48 inches of clear floor space for a parallel approach to the table;

    ii.  The merchandise display tables fail to provide the required 30 inches x 48 inches of clear floor space with the proper knee and toe clearance underneath the tables for a forward approach;

    iii.  Margaritaville locates barrels in front of its merchandise display tables in the gift shop and consequently obstructs the required 30 inches x 48 inches of clear floor space at the merchandise display tables which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to access and use the merchandise display tables in the gift shop;

    iv.  Margaritaville fails to maintain the accessible features of the merchandise display tables

throughout the gift shop that are required to be readily accessible to and usable by individuals with disabilities;

SS. Margaritaville provides a sales/service counter in the gift shop for able-bodied individuals, but fails to afford non-able-bodied individuals the same opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that experience afforded to other individuals without disabilities, including but not limited to the following failures of Defendant:

   A. The gift shop sales/service counter fails to provide a minimum of 36 inches of clear counter surface for individuals with disabilities to be able to make a parallel approach to the counter;

      i. There is not 36 inches of clear counter surface that is measured a maximum of 36 inches above the finished floor;

      ii. There is not clear floor space that is at least 48 inches long x 30 inches wide

provided   adjacent   to   the   36-inch

minimum length of the counter;

**B.** The existing gift shop sales/service counter fails to

provide a minimum of 30 inches of clear counter

surface for individuals with disabilities to be able

to make a forward approach to the counter;

   i.   There is not 30 inches of clear counter

surface that is measured a maximum of 36

inches above the finished floor positioned

for a forward approach;

   ii.   There is no knee and toe clearance

provided under the 30 inches of clear

counter   surface   that   is   measured   a

maximum of 36 inches above the finished

floor positioned for a forward approach;

   iii.   There is no clear floor space that is at least

30-inches wide x 48-inches long provided

underneath the 30 inches of clear counter

surface that is measured a maximum of 36

inches above the finished floor positioned for a forward approach;

C. There is no ADA accessible portion of the gift shop sales/service counter that extends the same depth as the non-accessible portion of the counter;

D. Margaritaville locates merchandise on the counter surface of the gift shop sales/service counter and consequently obstructs the required clear counter surface on the sales/service counter which has a discriminatory effect in practice of prohibiting disabled individuals from the full and equal opportunity to use the gift shop sales/service counter;

E. Margaritaville locates merchandise displays adjacent to the gift shop sales/service counter and consequently obstructs the required clear floor space at the gift shop sales/service counter which has a discriminatory effect in practice of prohibiting disabled individuals from the full and

equal opportunity to use the gift shop sales/service counter;

F.   There is no clear floor space adjacent to the gift shop sales/service counter which prohibits disabled individuals from the full and equal opportunity to access and use the gift shop sales/service counter;

G.   Margaritaville fails to maintain the accessible features of the gift shop sales/service counter that are required to be readily accessible to and usable by individuals with disabilities;

21.   To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

22.   Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. §12205.

23.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating facility to make it readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the facility until the requisite modifications are completed, and to further order the Defendant to modify its policies, practices, and procedures, to provide equal use of its facilities, services and benefits to disabled individuals.

**COUNT TWO**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III**
**42 U.S.C. § 12182(b)(2)(A)(ii)**
*(Practices, procedures, and policies denying equal benefits)*

## ADA Title III Prohibits Other Discrimination in Addition to Architectural Barriers

24.   Plaintiff re-alleges paragraphs 1-23 above.

25.   The ADA, Title III, provides a private right of action for "any person who is being subjected to discrimination on the basis of disability in violation of" Title III. 42 U.S.C. § 12182(a)(1) (emphasis added).

26. The ADA, Title III, specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c). In other words, the disabled must receive equal benefits as the nondisabled. Further, 28 C.F.R. § 302(b) requires that goods, services, and accommodations be provided to individuals with disabilities in "the most integrated setting appropriate." 42 U.S.C. § 12182(b)(1)(B); 28 C.F.R. § 36.203(a). Similarly, the Preamble in addition to recognizing that persons who use wheelchairs and mobility aids have been forced to sit apart from family and friends, also recognizes that persons who use wheelchairs and mobility aids historically have been provided "segregated accommodations" compared to non-disabled individuals, thus relegating persons who use wheelchairs "to the status of second-class citizens." See 28 C.F.R. pt. 36, App. B, at 631-633, 651 (2000) (discussion of §§ 36.308, 36.203).

27. Congress enacted the ADA in light of its findings that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12101(a)(5).

28. To address this broad range of discrimination in the context of public accommodations, Congress enacted ADA, Title III, which provides in part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182.

29. By its clear text, ADA, Title III requires a public accommodation to provide individuals with disabilities *more than simple physical access.* Removal of architectural barriers as required by Count One of this Complaint is but one component of compliance with ADA, Title III. Congress recognized that "individuals with disabilities continually encounter various forms of discrimination" including not only barriers to physical access, but also other forms of exclusion and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities. 42 U.S.C. 12101(a)(5); see also H.R. Rep. No. 485, Pt. 2, 101st Cong., 2d Sess. 35-36 (1990) ("lack of physical access to facilities" was only one of several "major areas of discrimination that need to be addressed"); H.R. Rep. No. 485, Pt. 3, 101st Cong., 2d Sess. 54 (1990) ("It is not sufficient to only make facilities accessible and usable; this title prohibits, as well, discrimination in the provision of programs and activities conducted by the public accommodation.").

**30.** For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure that operates to deprive or diminish disabled individuals' full and equal enjoyment of the privileges and services offered by the public accommodation to the public. 42 U.S.C. § 12182. Thus, a public accommodation may not have a policy, practice or procedure that excludes individuals with disabilities from services. 42 U.S.C. § 12182(b)(2)(A)(ii). The Eleventh Circuit held in Rendon v. Valleycrest Prod., Ltd. 294 F.3d 1279, (11th Cir. 2002) that:

> *"A reading of the plain and unambiguous statutory language at issue reveals that the definition of discrimination provided in Title III covers both <u>tangible barriers</u> (emphasis added), that is, physical and architectural barriers that would prevent a disabled person from entering an accommodation's facilities and accessing its goods, services and privileges, see 42 U.S.C. § 12182(b)(2)(A)(iv), and <u>intangible barriers</u> (emphasis added), such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges.*

## Defendant's Failed Practices and Lack of Policies Are Discriminatory

31. Pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) discrimination
includes:

> "*a failure to make reasonable modifications in
> policies, practices, or procedures, when such
> modifications are necessary to afford such
> goods, services, facilities, privileges,
> advantages, or accommodations to
> individuals with disabilities, unless the
> entity can demonstrate that making such
> modifications would fundamentally alter the
> nature of such goods, services, facilities,
> privileges, advantages, or accommodations*."

32. Accordingly, a place of public accommodation must modify a
policy or practice that has the consequence of, or tends to deny,
access to goods or services to the disabled.

33. As detailed below, Defendant has failed to make reasonable
modifications in its policies, practices, and procedures that are
necessary to afford its goods, services, facilities, privileges,
advantages, or accommodations to individuals with restricted
mobility. By failing to take such efforts that may be necessary
to ensure that no individual with a disability is excluded,

Defendant denied services, segregated or otherwise treated Plaintiff differently than other individuals who are not disabled. Pursuant to 42 U.S.C. § 12182(b)(2)(A), Defendant has discriminated against Plaintiff. Defendant will continue that discrimination forever until enjoined as Plaintiff requests. The discrimination is described more particularly in the following paragraphs.

34. Defendant either has no policies, practices, and procedures to remove architectural barriers or else does not abide by them. The rampant architectural barriers previously identified in Count One establish that Defendant has failed to create, adopt, and/or implement ADA Title III compliance policies, procedures, and practices as to architectural barriers.

35. Defendant's use of its establishment, and its practices at the establishment located at 16230 Front Beach Rd., Panama City Beach, FL, literally creates barriers and in so doing denies Plaintiff the full and equal enjoyment of the establishment. Those practices include:

a) Defendant fails to provide an accessible route to the entrance of the restaurant, which means Plaintiff cannot travel and move throughout the accessible route to the entrance of the restaurant in the way non-disabled people can. Accordingly, she cannot independently access and use the Margaritaville restaurant and all of its goods and services;

b) Defendant fails to provide an outdoor waiting area by failing to provide an ADA accessible route to the waiting area, failing to provide an accessible hostess counter, failing to provide an accessible call ahead seating counter, failing to provide ADA accessible seating in the outdoor waiting area and failing to provide ADA accessible tables in the outdoor waiting area, which means Ms. Elly cannot fully and equally use or access the outdoor waiting area and all its goods, services and elements to place her name on the waiting list for a table or sit and relax while waiting on a table;

c) Defendant makes the outdoor hostess counter inaccessible for use by the disabled by failing to provide either a parallel or a forward approach to the counter, which means Ms. Elly cannot fully and equally use the counter to be seated at a table in the way the non-disabled do, because the non-disabled have a hostess counter they can use to be seated at a table;

d) Defendant makes the outdoor call ahead seating counter inaccessible for use by the disabled by failing to provide either a parallel or a forward approach to the counter, which means Ms. Elly cannot fully and equally use the counter to be seated at a table in the way the non-disabled do, because the non-disabled have a call ahead seating counter they can use;

e) Defendant's seating arrangements serving the outdoor waiting area are designed, positioned, and oriented in a way that excludes or otherwise segregates disabled individuals to an experience that is not the same

experience that is afforded to able-bodied individuals, because unlike the able-bodied, disabled individuals are forced to sit at one type of seating arrangement, or are outright excluded from the "opportunity" to sit anywhere else that able-bodied individuals are able to sit and relax while waiting on a table;

f) Defendant fails to provide an indoor waiting area by failing to provide an ADA accessible route to the waiting area, failing to provide an accessible hostess counter, and failing to provide ADA accessible seating in the indoor waiting area, which means Ms. Elly cannot fully and equally use or access the indoor waiting area and all of its goods, services and elements to place her name on the waiting list for a table or sit and relax while waiting on a table;

g) Defendant makes the indoor hostess counter inaccessible for use by the disabled by failing to provide either a parallel or a forward approach to the counter,

which means Ms. Elly cannot fully and equally use the counter to be seated at a table in the way the non-disabled do, because the non-disabled have a hostess counter they can use to be seated at a table;

h) Defendant's seating arrangements throughout the restaurant are designed, positioned, and oriented in a way that excludes or otherwise segregates disabled individuals to an experience that is not the same laidback, tropical "escapism lifestyle" experience that is afforded to able-bodied individuals, because unlike able bodied individuals, disabled individuals are forced to sit at one type of table or facing the wall, or are outright excluded from the "opportunity" to sit anywhere else that able-bodied individuals are able to sit and enjoy the laidback, tropical "escapism lifestyle" experience.

i) Defendant's use of its seating arrangements throughout the restaurant has a discriminatory effect in practice so that Ms. Elly is provided a "separate" and "unequal"

benefit than the benefits that able-bodied individuals have when dining at Margaritaville because able-bodied can sit at every type of seating table in every seating area whereas Ms. Elly is entirely prohibited from that same "opportunity" to consider where she wants to sit;

j) Defendant makes its bar counters throughout the restaurant inaccessible for use by the disabled by failing to provide any bar counter that conforms to the ADA design standards, which means Plaintiff cannot fully and equally order drinks at the bar, enjoy happy hour at the bar counter, watch the TV's at the bars, view the on-tap beer selection, or any other benefit or service provided at the bars in the same way the non-disabled do, because the non-disabled have bar counters they can use to receive and enjoy all of the goods and services offered at Margaritaville;

k) Defendant makes the Boat Drinks indoor bar area inaccessible for use by the disabled by failing to provide

ADA accessible seating and ADA accessible tables in the Boat Drinks indoor bar area, which denies Plaintiff full and equal use of the outdoor patio seating area, which the able-bodied can use fully and equally;

l) Defendant makes the outdoor Patio Bar area inaccessible for use by the disabled by failing to provide ADA accessible seating and ADA accessible tables in the outdoor Patio Bar area, which denies Plaintiff full and equal use of the outdoor Patio Bar area, which the able-bodied can use fully and equally;

m) Defendant makes the lower level outdoor patio seating area inaccessible for use by the disabled by failing to provide ADA accessible seating, ADA accessible tables, and an ADA accessible bar in the lower level outdoor patio seating area, which denies Plaintiff full and equal use of the lower level outdoor patio seating area, which the able-bodied can use fully and equally;

n) Defendant makes the lower level indoor seating area inaccessible for use by the disabled by failing to provide ADA accessible seating and ADA accessible tables in the lower level indoor seating area, which denies Plaintiff full and equal use of the lower level indoor seating area, which the able-bodied can use fully and equally;

o) Defendant makes the lower level indoor elevated stage seating area inaccessible for use by the disabled by failing to provide an ADA accessible route to the lower level indoor elevated stage seating, failing to provide ADA accessible seating in the lower level indoor elevated stage seating area and failing to provide an ADA accessible table in the lower level indoor elevated stage seating area, which denies Plaintiff the full and equal opportunity to travel to and dine in the lower level indoor elevated stage seating area, which the able-bodied have the full and equal opportunity to use and enjoy;

p) Defendant makes the upper level outdoor patio seating area inaccessible for use by the disabled by failing to provide ADA accessible seating and ADA accessible tables in the upper level upper level outdoor patio seating area, which denies Plaintiff full and equal use of the outdoor patio seating area, which the able-bodied can use fully and equally;

q) Defendant makes the upper level indoor seating area inaccessible for use by the disabled by failing to provide ADA accessible seating and ADA accessible tables in the upper level indoor seating area, which denies Plaintiff full and equal use of the upper level indoor seating area, which the able-bodied can use fully and equally;

r) Defendant fails to provide an accessible route to and throughout the gift shop, which means Plaintiff cannot travel and move throughout the accessible route to and throughout the gift shop in the way non-disabled people can. Accordingly, she cannot independently access and

use the Margaritaville gift shop and all of its goods and services;

s) Defendant fails to provide an ADA accessible ramp from the inside of the restaurant leading to the gift shop so that Plaintiff is outright denied the opportunity to access the gift shop and its goods and services from inside the restaurant and is forced to exit the restaurant and access the gift shop from outside, whereas able-bodied individuals are afforded the opportunity to access the gift shop and its goods and services from inside the restaurant;

t) Defendant makes the check-out counter in the gift shop inaccessible for use by the disabled by failing to provide either a parallel or a forward approach to the counter with the required clear counter surface, and clear floor space at the counter, which means Plaintiff cannot fully and equally use the check-out counter to transact business in the Margaritaville gift shop in the same way

the non-disabled do, because the non-disabled have a counter they can use independently to transact business, discuss services with employees and purchase Margaritaville items;

u) Defendant makes its toilet facilities inaccessible for use by the disabled by failing to maintain any ADA accessible elements within the restrooms so that Plaintiff is denied the opportunity to independently use the restroom, or clean up, or move into and throughout the restroom, whereas non-disabled individuals are able to independently use the restrooms;

v) Defendant fails to provide a place for the disabled both to sit and eat like able-bodied people can;

w) Defendant fails to provide an accessible route throughout the restaurant, which means Plaintiff cannot travel and move throughout the accessible route throughout the restaurant in the way non-disabled people can. Accordingly, she cannot independently

access and use the Margaritaville restaurant and all of its goods and services;

x) Defendant makes the walking surface on the accessible route throughout the restaurant inaccessible for use by the disabled by failing to provide a walking surface with openings that are perpendicular to the direction of travel so that Plaintiff is forced to struggle to maneuver and travel on the accessible route throughout the restaurant, if she can maneuver and travel at all, whereas able-bodied individuals are able to maneuver and travel throughout the accessible route without a struggle;

y) Defendant's policies, practices, and procedures are conducted without regard to disabled individuals;

z) Defendant's practice is to only make modifications to practices and policies and repairs to barriers upon the demand of the disabled;

36. As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendant

has no policies, practices, or procedures, or else it has failed to implement them, to ensure that any removal of architectural barriers is permanent. 42 U.S.C. § 12182(b)(2)(a)(iv) and (v).

37. As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendant's existing practice is both in effect and/or explicitly to remediate ADA Title III architectural barriers only upon demand by the disabled.

38. As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendant has no policies, practices, and procedures or else it failed to create, implement and maintain policies and procedures to ensure individuals with disabilities are able to have the same experience at its facilities as individuals without disabilities, 42 U.S.C. 12182(b)(1)(A), and in particular the opportunity to have full and equal access to all of the goods, services, privileges, advantages, or accommodations of Margaritaville, as described above in detail.

39. As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendant has failed to create, implement, and maintain a policy of complying with ADA building design standards and regulations.

40. To date, the Defendant's discriminating policies, practices, and/or procedures have not been reasonably modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

41. A reasonable modification in the policies, practices, and procedures described above will not fundamentally alter the nature of such goods, services, facilities, privileges, advantages, and accommodations. The Plaintiff hereby demands that Defendant both create and adopt a corporate practice and policy that Defendant (1) will fully comply with Title III, ADA, and all its implementing regulations so that architectural barriers identified above are permanently removed from Defendant's establishment consistent with the

ADA; (2) Defendant will provide the disabled, including those with mobility limitations full and equal use and enjoyment of the Margaritaville establishment; (3) Margaritaville will modify its practice of making ADA Title III architectural barrier remediations only upon demand by the disabled.

42. As pled above IMCMV Panama City, LLC, "operates" and "leases" the Margaritaville establishment located at 16230 Front Beach Rd., Panama City Beach, FL, and is therefore, pursuant to 42 U.S.C. § 12182, responsible for creating, implementing, and maintaining policies, practices and procedures, as alleged above.

43. The ADA is over twenty-five (25) years old. Defendant knows it must comply with the ADA Title III. The ADA Title III requires modifications in policies, practices, and procedures to comply with it, as pled above in the statute. 42 U.S.C. §12182(b)(2)(A)(ii).

44. By this Complaint, Plaintiff provides sufficient notice of her demands for an alteration in Defendant's policies, practices,

and procedures.

45. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

46. Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin these illegal policies, practices, and procedures.

## COUNT THREE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### *Denial of Full and Equal Enjoyment*

47. Plaintiff re-alleges paragraphs 1-46 above.

48. 42 U.S.C. § 12182(a) provides:

> *"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."*

49. Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals

with disabilities" and that such forms for discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

50. Congress also found that: "*individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities,* 42 U.S.C. § 12101(a)(5); "*the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals*;" 42 U.S.C. § 12101(a)(7). Congress even found that: "*the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to*

*compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity."* 42 U.S.C. § 12101(a)(8).

51. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressed discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1)-(2).

52. The ADA provides, inter alia, that it is discriminatory to subject an individual or class of individuals on the basis of a disability "to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(a)(i).

53. The ADA further provides that it is discriminatory "to afford an individual or class of individuals, on the basis of a disability ... with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(a)(ii).

54. Congress enacted the ADA in light of its findings that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. 12101(a)(5). Defendant's acts and omissions alleged herein are in violation of the ADA, 42 U.S.C. §§ 12101, et seq., and the regulations promulgated thereunder.

**55.** To address this *broad* range of discrimination in the context of public accommodations, Congress enacted Title III, which by its clear text, requires a public accommodation to provide individuals with disabilities more than simple physical access. Congress recognized that "individuals with disabilities continually encounter *various forms of discrimination"* including not only barriers to physical access, but also other forms of exclusion and *relegation to lesser services, programs, activities, benefits, jobs, or other opportunities.* 42 U.S.C. 12101(a)(5); see also H.R. Rep. No. 485, Pt. 2, 101st Cong., 2d Sess. 35-36 (1990) ("lack of physical access to facilities" was only one of several "major areas of discrimination that need to be addressed"); H.R. Rep. No. 485, Pt. 3, 101st Cong., 2d Sess. 54 (1990) ("It is not sufficient to only make facilities accessible and usable; this title prohibits, as well, discrimination in the provision of programs and activities conducted by the public accommodation.").

56. For that reason, the Act applies not only to barriers to physical access to business locations, but also to any policy, practice, or procedure that operates to deprive or diminish disabled individuals' *full and equal enjoyment* of the privileges and *services* offered by the public accommodation to the public. 42 U.S.C. 12182. Thus, a public accommodation may not have a policy, practice or procedure that excludes individuals with disabilities from services. 42 U.S.C. § 12182(b)(1)(A)(i).

57. The keystone for this analysis is Defendant *must start by considering how its facilities are used by non-disabled guests and then take reasonable steps to provide disabled guests with a like experience.* <u>Spector v. Norwegian Cruise Line Ltd.,</u> 545 U.S. 119, 128–29, 125 S.Ct. 2169, 162 L . E d . 2d 97 (2005) See also, <u>*Baughman v. Walt Disney World Company*</u>, 685 F.3D 1131, 1135 (9th Cir. 2012).

58. Plaintiff Hope Elly, was denied full and equal access to Margaritaville. Plaintiff specifically and definitely wants to return to the Defendant's establishment to enjoy

Margaritaville's "escapism lifestyle" that provides something for everyone including the perfect blend of ocean breezes from the decks overlooking the gulf, the tiki bars serving up extensive drinks and everyone's favorite frosty beverages, the island-inspired menu offering classic American and Gulf Coast favorites, the swinging after dinner nightclub with live bands and dancing, and the tropical, Caribbean-inspired atmosphere and old beach hangout design that transports individuals to an island state of mind regardless of their current latitude or cultural reference point. More specifically, Plaintiff wants to be afforded the same level of service that is offered to non-disabled individuals and which Defendant has failed to provide to Plaintiff as follows: Defendant failed to provide Plaintiff the same opportunity to independently participate in and enjoy the laid-back island atmosphere and "escapism lifestyle" experience Margaritaville is known for; Defendant failed to provide an accessible route to the entrance of the restaurant for disabled individuals, which means Plaintiff cannot independently travel throughout the accessible route to the

entrance of the restaurant; Defendant failed to provide Plaintiff the same laid-back island "escapism lifestyle" experience by Margaritaville's ablest use of its seating arrangements throughout the restaurant and dining areas that are designed, positioned and orientated in a way that excludes or otherwise segregates disabled individuals to an experience that is not the same laid-back island "escapism lifestyle" experience that is afforded to able-bodied individuals, because unlike able bodied individuals, disabled individuals are forced to sit at one type of table or facing the wall, or otherwise outright excluded from the "opportunity" to sit anywhere else that able-bodied individuals are able to sit and enjoy the laid-back island "escapism lifestyle" experience; Defendant failed to provide Plaintiff the same experience at its Boat Drinks indoor bar by failing to provide a bar counter that conforms to the ADA design standards, which means Plaintiff cannot enjoy the experience of ordering drinks at the bar, happy hour at the bar, watching the TV's at the bar, viewing and selecting the assortment of on-tap beer selection, or any other benefit or

service able-bodied individuals get to enjoy when sitting at the Boat Drinks indoor bar counter; Defendant failed to provide an accessible route to the lower level indoor elevated stage seating area for disabled individuals, which means Plaintiff cannot independently travel to and dine in the lower level indoor elevated dining area; Defendant failed to provide Plaintiff the same experience of its boat seating tables in the lower level indoor seating area, so that Plaintiff cannot fully and equally enjoy the boat seating tables and the laid-back island atmosphere in the same manner as the non-disabled individuals are able to use the boast seating tables; Defendant failed to provide Plaintiff the same experience of its lower and upper level outdoor patio seating areas by failing to provide seating areas that conform to the ADA Standards for Accessible Design so that Plaintiff cannot fully and equally enjoy the outdoor patio seating areas and the perfect blend of ocean breezes and view of the gulf in the same manner that the non-disabled individuals use and enjoy the outdoor patio seating areas; Defendant failed to provide Plaintiff the same

experience at its lower level outdoor Patio Bar by failing to provide a bar counter that conforms to the ADA design standards, which means Plaintiff cannot enjoy the experience of ordering drinks at the bar, happy hour at the bar, watching the TV's at the bar, viewing and selecting the assortment of on-tap beer selection, enjoying the perfect blend of gulf breezes and view of the gulf while at the Patio Bar, or any other benefit or service able-bodied individuals get to enjoy when sitting at the lower level outdoor Patio Bar; Defendant failed to provide an accessible route to the lower level outdoor seating area for disabled individuals, which means Plaintiff cannot independently travel to and dine in the lower level outdoor seating area; Defendant failed to provide Plaintiff the same experience by making it nearly impossible for disabled individuals to access and use the outdoor waiting area and all of its goods, services and elements while the non-disabled can independently access and use the outdoor waiting area and all of its elements; Defendant failed to provide Plaintiff the same experience by making it nearly impossible for disabled

individuals to access and use the indoor waiting area and all of its goods, services and elements while the non-disabled can independently access and use the indoor waiting area and all of its elements; Defendant failed to provide the same experience by making it nearly impossible for the disabled to access the service counters, including but not limited to the indoor and outdoor hostess counters and the outdoor call ahead seating counter, while the non-disabled can independently access the counters and services provided at the counters; Defendant failed to provide Plaintiff that same experience by Margaritaville's ablest use of its seating arrangements throughout the indoor and outdoor waiting areas that are designed, positioned and orientated in a way that excludes or otherwise segregates disabled individuals to an experience that is not the same laid-back island "escapism lifestyle" experience that is afforded to able-bodied individuals, because unlike able bodied individuals, disabled individuals are forced to sit at one type of seating arrangement, or otherwise are outright excluded from the "opportunity" to sit anywhere else that able-

bodied individuals are able to sit and enjoy the laid-back island "escapism lifestyle" experience; Defendant failed to provide Plaintiff the same experience of its gift shop by failing to provide an accessible route to and throughout the gift shop, which means Plaintiff cannot travel to or move throughout the gift shop independently and with ease as the non-disabled can; Defendant failed to provide the same experience by making it nearly impossible for the disabled to access and use the check-out counter in the gift shop by failing to provide either a parallel or a forward approach to the counters with the required clear counter surface and clear floor space, which means Plaintiff cannot enjoy that level of consumer interaction at the check-out counter to transact business at the Margaritaville gift shop in the same way the non-disabled do, because the non-disabled have a check-out counter they can use independently to transact business, discuss services with employees, and purchase Margaritaville items; Defendant failed to provide accessible restrooms throughout Margaritaville for disabled individuals, which means that,

unlike the able-bodied, the disabled are challenged or denied the opportunity to independently use the restrooms, clean up after using the restrooms, move throughout the restrooms, and prohibited from using all the other elements of the restrooms; Defendant's failure to identify by signage what is accessible and what is not accessible makes the disabled inferior, segregated or otherwise treated differently, because unlike the non-disabled, disabled individuals have to guess and speculate and determine by trial and error what facilities can even be used by them; Defendant's continued failure to maintain ADA accessibility as an integral part of the laid-back island atmosphere and "escapism lifestyle" experience that non-disabled individuals get to independently enjoy has segregated or otherwise treated Plaintiff and others similarly situated differently, in that, Margaritaville makes Plaintiff dependent on family or an independent third party which is not the same laid-back island "escapism lifestyle" experience that Margaritaville affords to non-disabled individuals; Plaintiff was denied the full and equal enjoyment of Margaritaville's

laid-back island atmosphere and "escapism lifestyle" experience that transports its guests into and island state of mind; and all the foregoing failures by Defendant inhibited Plaintiff from having the same experience that non-disabled individuals have when at Margaritaville.

59. In its Preamble to the title III regulation, the Department of Justice recognized that mobility impaired persons including persons in wheelchairs should have the same opportunities to enjoy the goods and services and other similar events of public accommodation with their families and friends, just as other non-disabled individuals do. The DOJ further recognized that providing segregated accommodations and services relegates persons with disabilities to the status of *second-class citizens*. 28 C.F.R. pt. 36, App. B, § 36.203.

60. The ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A) )(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

Further, 28 C.F.R. § 302(b) requires that goods, services, and accommodations be provided to individuals with disabilities in "the most integrated setting appropriate." 42 U.S.C. § 12182(b)(1)(B); 28 C.F.R. § 36.203(a). Similarly, the Preamble in addition to recognizing that persons who use wheelchairs have been forced to sit apart from family and friends, also recognizes that persons who use wheelchairs historically have been provided "inferior seating" and "segregated accommodations" compared to non-disabled individuals, thus relegating persons who use wheelchairs "to the status of second-class citizens." See 28 C.F.R. pt. 36, App. B, at 631-633, 651 (2000) (discussion of §§ 36.308, 36.203).

61. Thus, Defendant's "use" of the accessible features constitutes statutory discrimination in violation of the ADA, because Defendant has segregated and separated the disabled from the non-disabled individuals. "*The goal is to eradicate the invisibility of the handicapped. Separate-but-equal services do not accomplish this central goal and should be rejected.*" H.R.

*Rep. No. 101-485(III), at 50, 1990 U.S.C.C.A.N at 473.* The ADA provides a "broad mandate" to "eliminate discrimination against disabled individuals, and to integrate those individuals into the economic and social mainstream American life. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675, 121 S.Ct.1879, 149 L.Ed.2d 904 (2001) (*quoting H.R.Rep. No. 101-485, pt. 2, p.50 (1990), reprinted in 1990 U.S.C.C.A.N. 303, 332*).

62. Defendant discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the facility during each visit. Each incident of deterrence denied Plaintiff an equal "opportunity to participate in or benefit from the goods, services, facility, privilege, advantage, or accommodations" of Margaritaville.

63. Defendant's conduct and Defendant's unequal treatment to Plaintiff constitutes continuous violations of the ADA and absent a Court ordered injunction from doing so, Defendant will continue to treat Plaintiff and others similarly situated

unequally.

64. Defendant's failure to maintain the accessible features that are required to be readily accessible to and usable by individuals with disabilities constitute continuous discrimination and absent a Court ordered injunction, Defendant will continue to not maintain the required accessible features at Defendant's facility. 28 C.F.R.§ 36.211(a).

65. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

66. Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin these illegal acts of Defendant.

## COUNT FOUR
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
## 42 U.S.C. § 12183(a)(1)
### *(Failure to design and construct facility for ADA compliance)*

67. Plaintiff re-alleges paragraphs 1 – 66 above.

68. 42 U.S.C. § 12183(a)(1) provides:

> *[Discrimination includes] a failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter.*

69. Congress passed the ADA in part because "historically, society has tended to isolate and segregate individuals with disabilities, and such forms of discrimination ... continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2). Congress found that this discrimination included "segregation and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." Id. §

12101(a)(5). In its Preamble to the title III regulation, the Department of Justice recognized that persons in wheelchairs should have the same opportunities to enjoy the goods and services and other similar events of a public accommodation with their families and friends, just as other non-disabled individuals do. The DOJ further recognized that providing segregated accommodations and services relegates persons with disabilities to the status of *second-class citizens*. 28 C.F.R. pt. 36, App. B, § 36.203.

70.  To eliminate such segregation Congress enacted the requirement that facilities be "readily accessible to and usable by individuals with disabilities". This very requirement is intended to enable persons with disabilities "*to get to, enter and use a facility.*" H.R. Rep. No. 101-485(III), at 499-500 (1990). It requires "a high degree of convenient accessibility," id., as well as access to the same services that are provided to members of the general public. "For new construction and alterations, the purpose is *to ensure that the service offered*

*to persons with disabilities is equal to the service offered to others.*" *Id.*

71. As the legislative history makes clear, the ADA is geared to the future-- the goal being that, over time, access will be the rule rather than the exception. Thus, the ADA only requires modest expenditures to provide access in existing facilities, *while requiring all new construction to be accessible.* H.R. Rep. 485, Part 3, 101st Cong., 2d Sess. 63 (1990).

72. To realize its goal of a fully accessible future, Congress required that all newly constructed facilities be designed and constructed according to architectural standards set by the Attorney General. 42 U.S.C. §§ 12183(a), 12186(b). Those Standards for Accessible Design ("Standards") are incorporated into the Department of Justice's regulation implementing title III of the ADA, 28 C.F.R. Part 36, Appendix A. The Standards set architectural requirements for newly constructed buildings that apply to all areas of the facility, from parking areas, interior walkways and entrances,

common areas, interior stairways and elevators, restrooms, dressing rooms and sales/service areas.

73. Defendant, as the "operator" of the Margaritaville establishment is directly involved in the designing and/or construction of its establishment in this litigation for first occupancy after January 1993.

74. Defendant was and is required to design and construct the Margaritaville establishment to be "readily accessible to and usable by individuals with disabilities." Defendant violated the statute by failing to design and construct *its establishment to be* readily accessible to and usable by individuals with disabilities including individuals who use wheelchairs. Defendant further violated the statute by failing to design and construct its establishment in compliance with the ADA during planned alterations as described throughout this Complaint.

75. According to Defendant's own publicly available information, Defendant chose to design its establishment in a way that is

not ADA Title III compliant whatsoever. Defendant literally strategically designs each one of its establishments without any regard to the disabled. Defendant's systematic design of its establishment fails to afford disabled individuals the dining and entertainment experience that is afforded to individuals without disabilities.

76. To date, the Defendant's discriminating actions continue.

77. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

78. Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin these illegal actions by Defendant.

**WHEREFORE**, premises considered, Hope Elly demands judgment against the Defendant on Counts One through Four and requests the following injunctive and declaratory relief:

1. That the Court declare that the property owned and business operated by the Defendant as well as all Defendant's illegal actions described herein violate the Americans with Disabilities Act, as more particularly described above;

2. That the Court enter an order enjoining the Defendant to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA, to comply with 42 U.S.C. § 12182(b)(2)(A)(iv) and its implementing regulations, as stated in Count One;

3. That the Court enter an order, in accordance with Count Two, directing the Defendant to modify its policies, practices, and procedures both to remedy the numerous ADA violations outlined above, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), and to permanently enjoin Defendant to make its business practices consistent with ADA Title III in the future;

**4.** That the Court enter an order directing the Defendant to provide Plaintiff full and equal access both to the Margaritaville experience and to the use of the establishment, and further order Defendant to maintain the required accessible features at the establishment so that Plaintiff and others similarly situated are offered the experience that is offered to non-disabled individuals, as stated in Count Three;

**5.** That the Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

**6.** That the Court enjoin Defendant to remediate the Margaritaville establishment to the proper level of accessibility required for the design and construction of the facility for first occupancy, as stated in Count Four;

**7.** That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiff; and

**8.** That the Court award such other, further, and different relief

as it deems necessary, just, and proper.

Respectfully Submitted, this the 13th Day of October, 2017.

/s/*Michael F. Braun*

**Michael F. Braun**
*Of Counsel for the Plaintiff*
P.O. Box 364
Brentwood, TN 37024
615.378.8942 p
334.819.4032 f
MFB@ADA-Firm.com

*/s L. Landis Sexton* _____ *(Pro Hac Vice to be Filed)*
**L. LANDIS SEXTON**
**BPR # AL-5057N71L**
The ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
LLS@ADA-Firm.com
*Attorney for the Plaintiff*


*/s/Tracy G. BirdSong* _____ *(Pro Hac Vice to be Filed)*
**Tracy G. BirdSong**
**BPR # AL-2170D64T**
The ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
TGB@ADA-Firm.com
*Attorney for the Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 13th day of October, 2017 to the following:

**IMCMV Panama City, LLC**
c/o Murai Wald Biondo Moreno PLLC
Attn: Registered Agent
2121 Ponce De Leon Blvd., Suite 600
Coral Gables, FL 33134

/s/ *Michael F. Braun*
**Michael F. Braun**
*Of Counsel for the Plaintiff*
P.O. Box 364
Brentwood, TN 37024
615.378.8942 p
334.819.4032 f
MFB@ADA-Firm.com