UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLOIRDA
Panama City Division
Case No. 5:17-cv-00260-MCR-GRJ

HOPE ELLY,

    Plaintiff,

vs.

IMCMV PANAMA CITY LLC,

    Defendant.

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, IMCMV PANAMA CITY, LLC ("Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff Hope Elly's ("Plaintiff") Complaint, and responds to each of the numbered paragraphs therein and states as follows:

1.    Defendant admits the allegations in paragraph 1.

2.    Defendant admits the allegations in paragraph 2.

3.    Defendant has no knowledge of the allegations in paragraph 3 and therefore denies same.

4.    Defendant admits that it is a limited liability company registered and conducting business in the State of Florida. Defendant admits that it is subject to jurisdiction in this Court. Defendant admits that it operates a Margaritaville establishment at 16230 Front Beach Road, Panama City Beach, Florida 32413. Defendant admits that Margaritaville is a place of public accommodation. Defendant states that the remaining allegations in this paragraph use vague, subjective descriptions upon which Defendant has no duty to respond or cannot adequately respond. Except as expressly admitted, Defendant denies the remaining allegations in paragraph

5. Defendant has no knowledge of the allegations in paragraph 5 and therefore denies same.

6. Defendant has no knowledge of the allegations in paragraph 6 and therefore denies same.

7. Defendant has no knowledge of the allegations in paragraph 7 and therefore denies same.

8. Defendant has no knowledge of the allegations in paragraph 8 and therefore denies same.

9. Defendant states that it has no duty to respond to the legal statements contained in paragraph 9.

10. Defendant admits that Margaritaville is a place of public accommodation.

## COUNT I

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant states that it has no duty to respond to the legal statements contained in paragraph 13.

14. Defendant states that it has no duty to respond to the legal statements contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant has no knowledge of the allegations in paragraph 16 and therefore denies same.

17. Defendant has no knowledge of the allegations in paragraph 17 and therefore denies same.

18. Defendant has no knowledge of the allegations in paragraph 18 and therefore denies same.

19. Defendant states that it has no duty to respond to the legal statements contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20 and all subparagraphs.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant has no knowledge of the allegations in paragraph 22 with respect to Plaintiff's relationship with his counsel and therefore denies same. Defendant states that it has no duty to respond to the remaining legal statements contained in paragraph 22.

23. Defendant states that it has no duty to respond to the legal statements contained in paragraph 23.

## **COUNT II**

24. Defendant repeats and restates his answers to paragraphs 1-23 above as if set forth fully herein.

25. Defendant states that it has no duty to respond to the legal statements contained in paragraph 25.

26. Defendant states that it has no duty to respond to the legal statements contained in paragraph 26.

27. Defendant states that it has no duty to respond to the legal statements contained in paragraph 27.

28. Defendant states that it has no duty to respond to the legal statements contained in paragraph 28.

29. Defendant states that it has no duty to respond to the legal statements contained in paragraph 29.

30. Defendant states that it has no duty to respond to the legal statements contained in paragraph 30.

31. Defendant states that it has no duty to respond to the legal statements contained in paragraph 31.

32. Defendant states that it has no duty to respond to the legal statements contained in paragraph 32.

33. Defendant denies that it has failed to make reasonable modifications in its policies, practices, and procedures that are necessary to afford its goods, services, facilities, privileges, advantages, or accommodations to individuals with restricted mobility. Defendant has no knowledge of the remaining allegations in paragraph 33 and therefore denies the same.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35 and all subparagraphs.

36. Defendant denies the allegations contained in paragraph 36 and all subparagraphs.

37. Defendant denies the allegations contained in paragraph 37 and all subparagraphs.

38. Defendant denies the allegations contained in paragraph 38 and all subparagraphs.

39. Defendant denies the allegations contained in paragraph 39 and all subparagraphs.

40. Defendant denies the allegations contained in paragraph 40 and all subparagraphs.

41. Defendant has no knowledge of the allegations in paragraph 41 and therefore denies same.

42. Defendant admits that it operates a Margaritaville establishment at 16230 Front Beach Rd.., Panama City Beach, Florida. Defendant states that it has no duty to respond to the

remaining legal statements contained in paragraph 42. Defendant states that it has no duty to respond to the remaining legal statements contained in paragraph 42.

43. Defendant states that it has no duty to respond to the legal statements contained in paragraph 43.

44. Defendant has no knowledge of the allegations in paragraph 44 and therefore denies same.

45. Defendant has no knowledge of the allegations in paragraph 45 and therefore denies same.

46. Defendant states that it has no duty to respond to the legal statements contained in paragraph 46.

## COUNT II

47. Defendant repeats and restates his answers to paragraphs 1-46 above as if set forth fully herein.

48. Defendant states that it has no duty to respond to the legal statements contained in paragraph 48.

49. Defendant states that it has no duty to respond to the legal statements contained in paragraph 49.

50. Defendant states that it has no duty to respond to the legal statements contained in paragraph 50.

51. Defendant states that it has no duty to respond to the legal statements contained in paragraph 51.

52. Defendant states that it has no duty to respond to the legal statements contained in paragraph 52.

53. Defendant states that it has no duty to respond to the legal statements contained in paragraph 53.

54. Defendant states that it has no duty to respond to the legal statements contained in paragraph 54.

55. Defendant states that it has no duty to respond to the legal statements contained in paragraph 55.

56. Defendant states that it has no duty to respond to the legal statements contained in paragraph 56.

57. Defendant states that it has no duty to respond to the legal statements contained in paragraph 57.

58. Defendant has no knowledge of the allegations in paragraph 58 and therefore denies same.

59. Defendant states that it has no duty to respond to the legal statements contained in paragraph 59.

60. Defendant states that it has no duty to respond to the legal statements contained in paragraph 60.

61. Defendant states that it has no duty to respond to the legal statements contained in paragraph 61.

62. Defendant has no knowledge of the allegations in paragraph 62 and therefore denies same.

63. Denied.

64. Denied

65. Defendant has no knowledge of the allegations in paragraph 65 with respect to Plaintiff's relationship with his counsel and therefore denies same. Defendant states that it has no duty to respond to the remaining legal statements contained in paragraph 65.

66. Defendant states that it has no duty to respond to the legal statements contained in paragraph 66.

## COUNT IV

67. Defendant repeats and restates his answers to paragraphs 1-66 above as if set forth fully herein.

68. Defendant states that it has no duty to respond to the legal statements contained in paragraph 68.

69. Defendant states that it has no duty to respond to the legal statements contained in paragraph 69.

70. Defendant states that it has no duty to respond to the legal statements contained in paragraph 70.

71. Defendant states that it has no duty to respond to the legal statements contained in paragraph 71.

72. Defendant states that it has no duty to respond to the legal statements contained in paragraph 72.

73. Defendant has no knowledge of the allegations in paragraph 73 and therefore denies same.

74. Defendant states that it has no duty to respond to the legal statements contained in paragraph 74. Defendant denies the remaining allegations contained in paragraph 74,

75. Denied.

76. Denied.

77. Defendant has no knowledge of the allegations in paragraph 77 with respect to Plaintiff's relationship with his counsel and therefore denies same. Defendant states that it has no duty to respond to the remaining legal statements contained in paragraph 77.

78. Defendant states that it has no duty to respond to the legal statements contained in paragraph 78.

Answering the "WHEREFORE" clause following paragraph 78, Defendant denies that Plaintiff is entitled to any recovery or relief whatsoever and demands strict proof of the damages alleged in the "WHEREFORE" clause.

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

**First Affirmative Defense -** Plaintiff lack standing to challenge barriers because he did not visit prior to the filing of the complaint.

**Second Affirmative Defense** – Plaintiff's claims are barred by the applicable statute of limitations.

**Third Affirmative Defense** – Plaintiff's claims are barred because, with respect to any particular architectural element that departs from accessibility guidelines, the restaurant has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

**Fourth Affirmative Defense** - Plaintiffs' claims are barred because the claimed violations are "de minimis," and nonactionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**Fifth Affirmative Defense** – Plaintiff's claims are barred because the alterations are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

**Sixth Affirmative Defense** - Plaintiff's claims are barred because the relief sought is not "readily achievable."

**Seventh Affirmative Defense** - To the extent this matter is not barred by the Affirmative Defenses set forth herein, the cost of any additional alterations to the subject property is subject to the limitations that the alterations to provide accessibility are only required to the extent that the added costs do not exceed the applicable percentage of the cost of the original alteration.

**Eighth Affirmative Defense** - Defendant is not legally responsible for property that is not within its possession, custody or control.

DATED: January 29, 2018.                              Respectfully submitted,

                                                  *s/ Nathaniel M. Edenfield*
                                                NATHANIEL M. EDENFIELD
                                                Florida Bar No. 91034
                                                E-Mail: nedenfield@richmangreer.com
                                                **RICHMAN GREER, P.A.**
                                                North Tower – 14th Floor
                                                396 Alhambra Circle
                                                Miami, FL 33134
                                                Telephone: (305) 373-4010
                                                *COUNSEL FOR IMCMV PANAMA CITY, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 29, 2018 a true and correct copy of the foregoing, was electronically filed with the Clerk using the CM/ECF filing system and served upon on all counsel of record or *pro se* parties listed below, either via transmission of Notices of Electronic Filing generated by the CM/ECF filing system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Nathaniel M. Edenfield
Nathaniel M. Edenfield

**<u>SERVICE LIST</u>**
HOPE ELLY v. IMCMV PANAMA CITY LLC
Case No.: 17-cv-00260

**Michael F. Braun**
*Counsel for Plaintiff*
P.O. Box 364
Brentwood, TN 37024
615.378.8942 (Telephone)
334.819.4032 (Facsimile)
MFB@ADA-Firm.com

**Manuel A. Garcia-Linares**
**Nathaniel M. Edenfield**
*Counsel for Defendant*
RICHMAN GREER, P.A.
396 Alhambra Circle
North Tower – 14th Floor
Miami, FL 33134
305.373.4000 (Telephone)
305.373.4099 (Facsimile)
nedenfield@richmangreer.com